UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR-04-77-B-W |
| | ) | |
| DARRELL DOLLIVER, | ) | |
| | ) | |
| Defendant. | ) | |

**SUPPLEMENTAL ORDER**

On September 15, 2005, after a jury-waived trial, this Court concluded that Darrell Dolliver was guilty beyond a reasonable doubt of violating 18 U.S.C. § 924(c)(1)(A), the knowing possession of a firearm in furtherance of the commission of a drug trafficking offense. The trial was held on stipulated facts, which focused the legal question on whether the exchange of drugs for guns constitutes a violation of § 924(c)(1)(A). In view of the 1998 amendment of § 924(c)(1)(A), which expanded the statute to prohibit possession in furtherance of a drug offense, this Court concluded that by trading illegal drugs for firearms, Mr. Dolliver violated § 924(c)(1)(A).

**I. STATEMENT OF FACTS**

On September 14, 2004, a federal grand jury issued a seven-count indictment against Defendant Darrell Dolliver. (Docket # 1). Count One alleged that Mr. Dolliver had engaged in a conspiracy to distribute and possess with intent to distribute cocaine and heroin, and to aid and abet the commission of that offense, in violation of 18 U.S.C. § 841(a)(1). Count Three alleged he possessed four firearms after having previously been convicted of a felony in violation of 18 U.S.C. § 922(g)(1). Count Seven alleged that in perpetrating the drug crime alleged in Count One, the Defendant had "knowingly used and carried" or "knowingly possessed" firearms in

violation of 18 U.S.C. § 924(c)(1)(A). On September 15, 2005, Mr. Dolliver pleaded guilty to Counts One and Three.

As part of the plea agreement, the parties agreed to submit Count Seven to the Court for bench trial based on the following stipulated facts:

(1) On April 20, 2003, it was reported to the Bar Harbor Police Department that sometime within the week prior to April 20, 2003, a Louigi Franchi Hunter 12 Gauge Shotgun Ser. No. F01606 and a Louigi Franchi Hunter 20 Gauge Shotgun, Ser. No. F069794 were stolen from a residence in Bar Harbor.

(2) On or about April 20, 2003, the defendant traded heroin and cocaine to the persons who stole the firearms. Defendant received the firearms in exchange for the drugs.

(3) The firearms were operational at the time Defendant acquired them.

(4) These firearms were not manufactured in Maine, and the firearms were transported in interstate commerce.

The Court announced its guilty verdict on Count Seven, but stated it would supplement the oral decision in writing.

## II. DISCUSSION

Before 1998, 18 U.S.C. § 924(c)(1)(A) stated "Whoever, during and in relation to any crime of violence or drug trafficking crime . . . *uses* or *carries* a firearm, shall . . . be sentenced to imprisonment for five years . . . ." (emphasis supplied). In 1993, the United States Supreme Court concluded that the exchange of a firearm for narcotics constituted "use" of the firearm "in relation to" a drug trafficking offense in violation of that version of § 924(c)(1)(A). *Smith v. United States,* 508 U.S. 223, 241 (1993). In 1995, the Court concluded, however, that mere

possession did not constitute "use" for purposes of the statute, and the statute required "active employment of the firearm" during the commission of the offense. *Bailey v. United States*, 516 U.S. 137, 143-44 (1995).

In 1998, Congress amended § 924(c)(1) to add a possession element: "[A]ny person who, during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm, *or who, in furtherance of any such crime, possesses a firearm,* shall . . . (i) be sentenced to a term of imprisonment of not less than 5 years . . . ." (emphasis supplied). Pub. L. No. 105-386, § 1, 112 Stat. 3469 (1998) (codified at 18 U.S.C. § 924(c)(1)(A)) (emphasis supplied). Section 924(c)(1) was amended in response to *Bailey*. *United States v. Grace*, 367 F.3d 29, 35 (1st Cir. 2004).

### A. Pre-Amendment: Use or Carrying a Firearm During or In Relation To a Drug Trafficking Crime

Although *Smith* had held that the exchange of firearms for drugs violated § 924(c)(1), there was a split among the circuits as to whether the exchange of drugs for firearms also violated the statute.[1] Five circuits held that bartering drugs for guns was prohibited by the "use" element in § 924(c)(1). *See United States v. Sumler*, 294 F.3d 579, 583 (3d Cir. 2002)[2] (upholding a conviction involving drugs for guns where a defendant actively solicited a drugs for guns swap, stating that the *Smith* and *Bailey* decisions defining "use" to include "barter" foreclosed any other resolution); *United States v. Ramirez-Rangel*, 103 F.3d 1501, 1506 (9th Cir. 1997) (mentioning that bartering drugs for guns is "use" in context of discussing sentence entrapment); *United States v. Cannon*, 88 F.3d 1495, 1509 (8th Cir. 1996) (holding any

---

[1] *See* Wendy Biddle, Note, *Let's Make a Deal. Liability for "Use of a Firearm" When Trading Drugs for Guns Under 18 U.S.C. § 924(c)*, 38 VAL. U. L. REV. 65, 82-90 (2003).

[2] While the unlawful conduct resulting in the defendant's conviction occurred after the 1998 amendment to 18 U.S.C. § 924(c)(1), see *Sumler*, 294 F.3d at 581, the Third Circuit did not analyze the transaction under the "possession" prong of the statute.

differences between trading guns for drugs and trading drugs for guns to be "a distinction without a difference" as "' use' certainly includes . . . bartering"); *United States v. Ulloa*, 94 F.3d 949, 956 (5th Cir. 1996) (when a defendant "required that he be furnished firearms in exchange for his drugs," the firearms were actively employed "because they were an 'operative factor' in the drug trafficking offenses"); *United States v. Harris*, 39 F.3d 1262, 1269 (4th Cir. 1994) (disagreeing with defendant's contention "that his exchange or barter of cocaine [to obtain a] shotgun [was] not an offense punishable by 18 U.S.C. § 924(c)(1)").

Four other circuits determined that bartering drugs for guns did not violate § 924(c)(1). *See United States v. Montano*, 398 F.3d 1276, 1281-83 (11th Cir. 2005)[3] (finding no violation of § 924(c)(1) where the defendant "bartered drugs in order to obtain [a] firearm"); *United States v. Stewart*, 246 F.3d 728, 731-33 (D.C. Cir. 2001) ("[W]e cannot see how a defendant 'uses' a gun [within the meaning of § 924(c)(1)] when he receives it during a drug transaction."); *United States v. Warwick*, 167 F.3d 965, 975-76 (6th Cir. 1999) (trading drugs for guns does not constitute "use"); *United States v. Westmoreland*, 122 F.3d 431, 435-36 (7th Cir. 1997) (finding the act of receiving the buyer's consideration is inherently passive, and thus "passively receiving a gun from an undercover agent in payment for drugs cannot constitute a use under section 924(c)(1)").

### B. Post-Amendment: Possession of a Firearm in Furtherance of a Drug Trafficking Crime

This Court does not need to decide the issue that divided the circuits. Although the First Circuit has not analyzed the "possession" element of § 924(c)(1)(A) in the context of drugs for guns, the Sixth Circuit has. *See United States v. Frederick*, 406 F.3d 754 (6th Cir. 2005). In

---

[3] The defendant in *Montano* was charged under 18 U.S.C. § 924(c)(1) as it existed prior to the 1998 amendment. The defendant was indicted on May 28, 1998, *Montano*, 398 F.3d at 1278, but the amendment did not become effective until November 13, 1998. *See United States v. Harris*, 397 F.3d 404, 412-13 (6th Cir. 2005).

4

*Frederick,* police found both drugs and a rifle in an apartment pursuant to a search warrant. *Id.* at 757. A bag of marijuana had Frederick's fingerprints on it, but the rifle did not. *Id.* Frederick was charged, *inter alia*, with a violation of § 924(c)(1)(A). *Id.* At trial, the Government offered evidence that Frederick received the rifle as payment for drugs, and he was convicted. *Id.* at 758. On appeal, Frederick argued the district court misstated the law when it told the jury: "You may . . . find the defendant guilty of possessing the firearm in furtherance of a drug crime if you conclude beyond a reasonable doubt that he acquired the gun by trading drugs or drug proceeds for the gun." *Id.* at 763. The Sixth Circuit affirmed.

Although the Sixth Circuit previously held in *Warwick* that trading drugs for guns was not a violation of § 924(c)(1) under the "use" element, it concluded in *Frederick* that the amended version of § 924(c)(1)(A) captured a drugs-for-guns transaction. *Id.* at 763-64. The defendant's possession of the gun was not in dispute, so *Frederick* turned on whether his possession was "in furtherance" of the drug trafficking crime. *Id.* at 764. *Frederick* stated that the "acquisition of a firearm in exchange for drugs is a sufficient 'specific nexus' between the drugs and the guns to constitute possession 'in furtherance of' the drug sale." *Id*. *Frederick* noted:

> As a matter of logic, a defendant's willingness to accept possession of a gun as consideration for some drugs he wishes to sell *does* "promote or facilitate" that illegal sale. If the defendant did not accept possession of the gun, and instead insisted on being paid fully in cash for his drugs, some drug sales – and therefore some drug trafficking crimes – would not take place.

*Id.* (emphasis in original) (citation omitted).

The result in *Frederick*, decided after *Warwick*, was foreshadowed by the Second Circuit in *United States v. Cox,* 324 F.3d 77, 84 n.2 (2nd Cir. 2003). *Cox* predicted that "[t]his particular circuit split may dissipate without resolution." *Id.* *Cox* noted that "[f]or defendants

5

charged under § 924(c) after this amendment, trading drugs for a gun will probably result in" a conviction. *Id.*

Here, the parties have in effect stipulated that Mr. Dolliver possessed the firearms and that he engaged in a guns-for-drugs transaction. ("Defendant received the firearms in exchange for drugs."). The only remaining question under § 924(c)(1)(A) is whether his possession was "in furtherance of . . . a drug trafficking crime." Mere possession is still not enough - the amended statute requires possession of a weapon "in furtherance of . . . a drug-trafficking crime." *Grace,* 367 F.3d at 35 ("The current version of the statute, therefore, does not require defendants to have actively employed the firearm in furtherance of the drug crime; however, they must have possessed the gun to further the drug crime . . . ."); *United States v. Pagan-Ortega*, 372 F.3d 22, 30 n.4 (1st Cir. 2004) (noting that the current version of § 924(c)(1)(A) penalizes "mere possession in furtherance of a drug trafficking crime); *United States v. Carlos Cruz*, 352 F.3d 499, 508 (1st Cir. 2003) (setting forth the language of § 924(c)(1)(A)).

To satisfy the "in furtherance" requirement, the Government must prove "that the firearm was possessed to advance or promote the criminal activity." *Grace,* 367 F.3d at 35 (quoting *United States v. Lawrence,* 308 F.3d 623, 630 (6th Cir. 2002)); *see also United States v. Mackey*, 265 F.3d 457, 460-61 (6th Cir. 2001) (holding that the "term 'furtherance' should be understood in its ordinary or natural meaning," which is "'a helping forward: advancement, promotion,'" and "the weapon must promote or facilitate the crime"). Here, the nexus between "possession" to "in furtherance of" a drug crime is the barter itself. This Court agrees with the Sixth Circuit's statement that trading drugs for guns "promotes or facilitates" the illegal sale, since the drug sales may not have taken place if Mr. Dolliver had not accepted guns as payment. *Frederick,* 406 F.3d at 764.

## III.  CONCLUSION

For the reasons this Court gave orally and for these additional reasons, this Court finds, based on the parties' stipulated facts, that Defendant Darrell Dolliver is guilty beyond a reasonable doubt of the violation of 18 U.S.C. § 924(c)(1)(A) alleged in Count Seven of the Indictment, possession of a firearm in furtherance of the drug trafficking crime alleged and admitted in Count One of the Indictment.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of September, 2005